```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

DAVID LOUIS WHITEHEAD,         )
                               )
     Plaintiff,                )
                               )
          v.                   )      1:08cv792 (JCC)
                               )
MACY'S INC, et al.,            )
                               )
     Defendants.               )
```

## M E M O R A N D U M   O P I N I O N

         This matter is before the Court on Plaintiff David Whitehead's Second Motion for Recusal, Motion for Evidentiary Hearing, Partial Motion for Summary Judgment, and Motion to Stay Proceeding.  Defendants have moved for an Emergency Stay of these motions.  For the following reasons, the Court will deny Plaintiff's Second Motion for Recusal and Motion to Stay Proceeding and grant Defendants' Emergency Motion to Stay the two remaining motions and an additional Motion Evidentiary Hearing in Plaintiff's Opposition to Defendants' Motions to Dismiss.

### I. Background

        Plaintiff filed a complaint in this action on July 29, 2008 (Complaint).  The facts alleged in the Complaint are as follows.  Plaintiff had an idea for a clothing line and advertising campaign involving new interpretations of the

clothing of the late jazz singer Josephine Baker. Plaintiff proposed Naomi Campbell as the principal model in the advertising campaign. He filed a registration for this idea with the United States Copyright Office on April 20, 2007. In May or June 2007, Plaintiff discussed this idea with Ms. Campbell's representatives at IMG Models. Plaintiff also discussed the project with Defendant Macy's, Inc.'s executives and Defendant Ann Taylor's employees between May and November 2007. Defendants declined to use his ideas.

In February 2008, during Black History Month, a New York City Macy's store featured interpretations of Josephine Baker's clothing and advertised this clothing in its store windows and in the media.

Defendants conspired to steal Plaintiff's idea and to conceal this theft from him and exchanged money to these ends. They also conspired to sell Defendant Macy's, Inc.'s Josephine Baker-inspired clothing online. Defendants did these things because Plaintiff is an African-American and because of his political views and writings.

Defendant Macy's, Inc.'s employees slandered Plaintiff's name to unspecified customers in the Men's Shoe Department of a District of Columbia Macy's store. Defendant Ann Taylor disseminated Plaintiff's ideas regarding Jacqueline Kennedy to Runway Beauty Magazine, which published them in its

2008 Summer Collector's Edition.  Defendants also disseminated Plaintiff's ideas for an issue featuring African-American models to Vogue and Vogue Italy.  Defendants breached an unspecified contract with Plaintiff.

On October 14, 2008, Plaintiff filed his Second Motion for Recusal, Motion for Evidentiary Hearing, Partial Motion for Summary Judgment, and Motion to Stay Proceeding.  On October 15, 2008 Plaintiff filed a Praecipe.  On October 17, 2008, Plaintiff filed a Witness List Supporting His Motion For Recusal & Evidentiary Hearing.  On October 21, 2008, Defendants filed an Emergency Motion to Stay the Court's consideration of all of these motions, the Motion Evidentiary Hearing contained in Plaintiff's Opposition to Defendants' Motions to Dismiss, as well as any additional motions Plaintiff may file before the Court considers Defendants' Motions to Dismiss.  A hearing on the Motions to Dismiss is scheduled for November 7, 2008.  These matters are currently before the Court.

## II. Analysis

In their Emergency Motion to Stay, Defendants request that the Court stay Plaintiff's many motions "to avoid prejudice to the Defendants from Plaintiff's failure to follow applicable rules of procedure."  Pl.'s Mot. to Stay at 1.  Defendants note that they have not yet filed answers or affirmative defenses.  In

addition, they submit that Plaintiff's motions are premature because the Court has not yet ruled on Defendants' Motions to Dismiss.  Finally, they note that Plaintiff failed to observe the time constraints in Fed. R. Civ. P. 56(c) for his Motion for Summary Judgment.  They also request that the Court prevent "expensive, burdensome, and potentially unnecessary discovery," given that the Court's resolution of their respective motions to dismiss could moot Plaintiff's motions.  Pl.'s Mot. to Stay at 1.

    A.   <u>Second Motion for Recusal</u>

Plaintiff filed a Second Motion for Recusal supported by an "Affidavit of David L. Whitehead."  He then filed a continuation of that Affidavit, titled "Addendum to Affidavit Supporting Second Motion for Recusal" on October 15, 2008.  In these documents, Plaintiff requests the recusal of Judge James C. Cacheris for "demonstrated bias and appearance of bias in its ruling relating to Macy's Black History Month Program," as well as various alleged causes of bias raised in Plaintiff's affidavits.

Plaintiff alleges that the Court is biased against him because it has ruled against him in the case at bar, as well as in a case filed by Plaintiff in 1993.  Plaintiff also alleges that the Court is biased because it has come into contact with other judges who have ruled against Plaintiff in Plaintiff's previous suits.  Finally, Plaintiff believes the Court is biased

because Plaintiff mentioned Judge Cacheris in Plaintiff's own complaint to the Federal Election Commission (FEC). The FEC disposed of that matter in 2002 for "no reason to believe."

Upon consideration of Plaintiff's Motion and the record, the Court finds that Plaintiff's Second Motion to Recuse is without merit. The Court has no bias or prejudice against Plaintiff. The motion will be denied.

B.   Motion for Evidentiary Hearing

On October 14, 2008, Plaintiff filed a Consolidated Motion for Sanctions and an Evidentiary Hearing. Magistrate Judge Jones considered Plaintiff's Motion for Sanctions, which was denied as "premature at best." The evidentiary hearing that Plaintiff requests is to subpoena witnesses to show that Plaintiff's "Naomi Campbell as Josephine Baker Clothing Line Ad Campaign and Photography is . . . . not a screenplay, but a clothing line ad project."

Plaintiff seems to be referring to the Memorandum in Support of Defendant Macy's, Inc.'s Motion to Dismiss, which asserts that Plaintiff's "Certificate of Registration provides protection for the 'art design for photography of Naomi' in a 'screenplay' portraying 'Naomi Campbell as Josephine Baker,'" not an advertising campaign aimed at promoting clothing designs relating to Josephine Baker.

5

The Court agrees with Defendants' arguments that this motion is premature because the Court has not yet heard Defendants' Motions to Dismiss or set a discovery schedule. The Court will stay this motion until after discovery is complete.

### C. Motion for Partial Summary Judgment

Plaintiff filed a "Partial Motion for Summary Judgment, Requesting Discovery" on October 14, 2008, an "Addendum Affidavit" in support of this motion on October 15, 2008, and a second "Addendum Affidavit" in support on October 16, 2008.

The Court agrees with Defendants' arguments that this motion is premature because the Court has not yet heard Defendants' Motions to Dismiss or set a discovery schedule and because Plaintiff did not file Fed. R. Civ. P. 56(c) when noticing the hearing on this motion. The Court will stay this motion until after discovery is concluded.

### D. Motion to Stay Proceedings

On October 14, 2008, Plaintiff filed a Motion to Stay Proceedings, Pending Release of Memorandum. The Memorandum Plaintiff refers to is one allegedly written "in the 1990s" by Chief Justice of the United States Supreme Court John Roberts "calling the plaintiff a name." Plaintiff alleges that the name-calling was a result of Plaintiff's writings about the CIA, the Kennedy Assassination, and various wars, as well as suits

Plaintiff filed against the CIA. Plaintiff further claims that this memorandum "taints all of the plaintiff's lawsuits."

Plaintiff has failed to explain why the present case, against Defendants Macy's, Inc. and Ann Taylor, Inc., is "tainted" by a memorandum allegedly written by Chief Justice Roberts while he was a Department of Justice employee. In addition, all of the writings and lawsuits that Plaintiff alleges caused the "name-calling" are completely unrelated to this suit. The Court finds no reason that, even if the alleged memorandum exists, this action should be stayed pending its release. Plaintiff's motion will be denied.

E.  Motion for Evidentiary Hearing in Plaintiff's Opposition to Defendants' Motions to Dismiss

The Court agrees with Defendants' arguments that this motion is premature because the Court has not yet heard Defendants' Motions to Dismiss or set a discovery schedule. The Court will stay this motion until after discovery is concluded.

## II. Conclusion

For these reasons, the Court will deny Plaintiff's Second Motion for Recusal and Motion to Stay Proceeding and grant Defendants' Emergency Motion to Stay Plaintiff's two remaining

motions and the additional Motion Evidentiary Hearing in Plaintiff's Opposition to Defendants' Motions to Dismiss.

      An appropriate Order will issue.

October 24, 2008                  _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                          UNITED STATES DISTRICT COURT JUDGE