```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

DAVID LOUIS WHITEHEAD,        )
                              )
                              )
     Plaintiff,               )
                              )
          v.                  )      1:08cv792 (JCC)
                              )
MACY'S INC, et al.,           )
                              )
                              )
     Defendants.              )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff's Consolidated Motion, his Motion to Strike, and his Motion for writ of mandamus and interlocutory appeal.  For the following reasons, the Court will deny these motions.

### I. Background

Plaintiff filed a complaint in this action on July 29, 2008 (Complaint).  The facts alleged in the Complaint are as follows.  Plaintiff had an idea for a clothing line and advertising campaign involving new interpretations of the clothing of the late jazz singer Josephine Baker.  Plaintiff proposed Naomi Campbell as the principal model in the advertising campaign.  He filed a registration for this idea with the United States Copyright Office on April 20, 2007.  In May or June 2007, Plaintiff discussed this idea with Ms. Campbell's representatives

1

at IMG Models.  Plaintiff also discussed the project with Defendant Macy's, Inc.'s executives and Defendant Ann Taylor's employees between May and November 2007.  Defendants declined to use his ideas.

In February 2008, during Black History Month, a New York City Macy's store featured interpretations of Josephine Baker's clothing and advertised this clothing in its store windows and in the media.

Defendants conspired to steal Plaintiff's idea and to conceal this theft from him.  They exchanged money to further these ends.  They also conspired to sell Defendant Macy's, Inc.'s Josephine Baker-inspired clothing online.  Defendants did these things because Plaintiff is African-American and because of his political views and writings.

Other allegations include the following: Defendant Macy's, Inc.'s employees slandered Plaintiff's name to unspecified customers in the Men's Shoe Department of a District of Columbia Macy's store; Defendant Ann Taylor disseminated Plaintiff's other fashion ideas relating to Jacqueline Kennedy to Runway Beauty Magazine, which published them in its 2008 Summer Collector's Edition; Defendants disseminated Plaintiff's ideas for an issue featuring African-American models to Vogue and Vogue Italy; and, Defendants breached an unspecified contract with Plaintiff.

On October 2, 2008, Macy's filed a Motion to Dismiss. Plaintiff filed an Opposition, requesting discovery and an evidentiary hearing on October 14, 2008. This Court stayed Plaintiff's motion for an evidentiary hearing until the conclusion of discovery in an order dated October 24, 2008. Ann Taylor filed a Motion to Dismiss on October 14, 2008. On October 23, 2008, Plaintiff filed an Opposition to Defendant Ann Taylor's Motion to Dismiss. On October 24, 2008, Plaintiff filed a Consolidated Motion to Strike his October 23, 2008 Motion for Sanctions, to Correct his October 23, 2008 Motion for Sanctions, for Recusal Of the Magistrate Judge, and for Reconsideration of his Motion for Sanctions, or, in the Alternative, to Allow an Interlocutory Appeal. He filed a Motion to Strike Defendants' Motions to Dismiss and a Writ of Mandamus and Interlocutory Appeal of the Recusal Decisions on October 27, 2008. Plaintiff entered into a consent order with Defendant Macy's, Inc. on November 7, 2008, and with Defendant Ann Taylor, Inc. on November 12, 2008. The Court entered a Stipulation of Dismissal between Plaintiff and Ann Taylor on November 21, 2008 and one between Plaintiff and Macy's on November 26, 2008. Plaintiff also requested a 45 day stay of his claims with respect to all other Defendants in this matter. The Court granted the stay on November 12, 2008. Plaintiff's motions of October 24 and 27 are currently before the Court.

### III. Analysis

A. <u>Plaintiff's Motion for Writ of Mandamus and Interlocutory Appeal on the Recusal of Magistrate Judge and District Judge</u>

Plaintiff moves the Court to allow an interlocutory appeal of its denial of Plaintiff's first and second Motions for the Recusal of Judge Cacheris. The Court denied Plaintiff's first motion on August 22, 2008. Plaintiff filed a Notice of Interlocutory Appeal to the United States Court of Appeals for the Fourth Circuit on September 15, 2008. On October 24, 2008, this Court denied Plaintiff's second Motion for Recusal and instructed Plaintiff to file a notice of appeal within 30 days if he wished to appeal that decision. Given these facts, Plaintiff's Motion to Allow Interlocutory Appeal on the Recusal of District Judge is moot.

Plaintiff also moves the Court to allow an interlocutory appeal of the recusal of Magistrate Judge T. Rawles Jones, Jr. The docket shows that Plaintiff has not yet filed a motion requesting the recusal of the magistrate judge. Thus, he cannot request an interlocutory appeal of its denial.

Plaintiff also moves the Court for a writ of mandamus related to the recusal of both the magistrate and district judges. As discussed above, Plaintiff has not yet requested that the magistrate recuse himself. Were Plaintiff to make such a request and if that request were denied, a writ of mandamus would

not be an appropriate remedy. "It is well settled that mandamus may not be used as a substitute for appeal." *In re United Steelworkers of America*, 595 F.2d 958, 960 (4th Cir. 1979). With respect to this Court's denial of Plaintiff's motions for the recusal of Judge Cacheris, the Court lacks jurisdiction to order itself to take an action. Plaintiff's proper remedy is to file a notice of appeal. Plaintiff's Motion for a Writ of Mandamus will be denied.

    B.   <u>Plaintiff's Consolidated Motion to Strike, Correct, Reconsider or to Allow Interlocutory Appeal of Request for Sanctions</u>

Plaintiff filed a Consolidated Motion to strike his October 23, 2008 request for sanctions against Defendant Ann Taylor, to correct this document, to reconsider this document, or to allow an interlocutory appeal on the merits of this document. This motion is unopposed. Plaintiff's motion states that "the captioned [sic] of the pleading somehow became an error [sic], relating to Judge Cacheris's recusal issue." Pl.'s Consol. Mot. (Oct. 24, 2008) at 1. This document is properly docketed under the title that Plaintiff assigned to it as his "Amended Addendum to Second Motion for Recusal of Judge James Cacheris, Requesting Sanctions for Failure to Properly Enter Appearances with Financial Conflict Statement by Ann Taylor's Lawyers: Noting that the Hearing is Scheduled for October 24, 2008 at 10:00 a.m."

[66]. The docket also contains a second document with a very similar title [73].

In this motion, Plaintiff appears to state that in filing documents [66] and [73], he sought to make a new and additional motion for sanctions against Ann Taylor for failing to enter an appearance and file a financial conflict statement. Plaintiff did not properly file this additional motion. For this reason, it was not referred to the magistrate judge, a hearing date was not set, and the magistrate judge did not consider or rule on it. The Court declines to strike or correct these documents. It also notes that any future motion for sanctions against Ann Taylor would be moot, given the Stipulation of Dismissal entered on November 21, 2008. For all of these reasons, the Court will deny Plaintiff's motion.

C. <u>Plaintiff's Motion to Strike Defendants' Motions to Dismiss</u>

Plaintiff moves the Court to Strike both Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 60(b) because counsel for Defendant Ann Taylor failed to enter an appearance or file a Financial Interest Disclosure Statement pursuant to Local Rule 7.1. Plaintiff also objects, under this rule, to the fact that Ann Taylor's counsel "signed a joint motion to stay proceedings" after Macy's counsel represented to Plaintiff that she was not representing Ann Taylor. Rule 60(b) provides for a means of relief from a final judgment, order, or

proceeding.  No final judgment had been entered in this action at the time Plaintiff filed this motion.  Rule 60(b) also provides no authority for striking a pleading.  Given the stipulations of dismissal entered as to both Defendants, Plaintiff's motion is also moot.  Plaintiff's Rule 60(b) motion will be denied.

### IV. Conclusion

For these reasons, the Court will deny Plaintiff's motions.

An appropriate Order will issue.

December 3, 2008                    _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE