IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID L. WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08cv792 (AJT/TRJ) |
| ) | |
| PARAMOUNT PICTURES CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court pursuant to the Court's Order to Show Cause as to why David L. Whitehead should not be put under a pre-filing inquiry. Mr. Whitehead was previously put under a pre-filing inquiry by United States District Judge James C. Cacheris on March 6, 2009. That Order was vacated, however, at the time this case was transferred to the undersigned. This Memorandum Opinion is issued in further support of the Court's May 22, 2009 Order enjoining Mr. Whitehead from filing any new civil actions in the Eastern District of Virginia and from filing any new motions, papers or requests for relief in any civil actions currently pending in the Eastern District of Virginia without first seeking and obtaining leave to file from this Court.

### I. BACKGROUND

Plaintiff, David L. Whitehead, filed a complaint in this action on July 29, 2008. Thereafter, Plaintiff filed an amended complaint on November 6, 2008, and a second amended complaint, in response to an Order by the Court, on January 21, 2009. Plaintiff's January 21, 2009, second amended complaint is referred to as the "Complaint."

The Complaint names thirty-one entities as defendants: (1) Paramount Pictures, Inc.; (2) Dreamwork Pictures, Inc.; (3) MTV of Viacom, Inc.; (4) Viacom, Inc.; (5) MGM, Inc.; (6) Sony, Inc.; (7) IMG Models, Inc.; (8) IMG World, Inc.; (9), Electronic Arts Sports, Inc.; (10) Vogue; (11) Vogue Italy; (12) Conde Nast Publishing, Inc.; (13) Midway Games, Inc.; (14) NBC; (15) Universal Pictures, Inc.; (16) Lionsgate Entertainment, Inc.; (17) Tyler Perry, Inc.; (18) Runway Beauty Magazine; (19) Time Warner; (20) Warner Brothers, Inc.; (21) Turner Broadcasting Station; (22) Time Warner Cable; (23) Southeastern University; (24) Corcoran College of Arts & Design; (25) International Art Fair Art Basel; (26) Strayer University; (27) Grand Hyatt Hotel Washington; (28) Alpha Kappa Alpha Sorority, Inc.; (29) 20th Century Fox Film, Inc.; (30) Walt Disney; and (31) ABC, Inc (collectively the "Defendants").

The Complaint appears to allege the following causes of action against all of the Defendants: (1) race discrimination; (2) employment discrimination; (3) retaliation; (4) free speech discrimination or retaliation; (5) defamation; (6) breach of contract; (7) breach of trust; (8) breach of confidence; (9) antitrust violations; (10) unfair competition; (11) copyright violations; (12) conspiracy; (13) civil violations of the Racketeering Influenced and Corrupt Organizations Act; (14) violations of privacy; (15) misappropriation of intellectual property; and (16) bad-faith dealing.[1] These claims seem to stem from Plaintiff's allegations that all of the media and entertainment companies he sued stole his ideas for movie plots, popular songs, magazine layouts and even events surrounding the inauguration of President Barack Obama.

Plaintiff has yet to effect service on all of the Defendants. None of the Defendants who have been served has filed an answer to Plaintiff's complaint. Four motions to dismiss and a motion to quash filed by various Defendants are currently pending before the Court.

---

[1] These numbers do not correspond to the counts stated in the Complaint.

On February 6, 2009, Judge Cacheris issued a Show Cause Order requiring Mr. Whitehead to show cause why he should not be put under a pre-filing inquiry because of his filing of a number of frivolous lawsuits. *See* Order (Doc. No. 166). Mr. Whitehead filed two lengthy written responses to the Show Cause Order. *See* Plaintiff's Show Cause Responses (Doc. Nos. 205, 221). In his responses, Mr. Whitehead requested that he be permitted to subpoena individuals including Chief Justice John Roberts, Judge Paul L. Friedman, Eleanor Holmes Norton and former President Bill Clinton to present testimony related to the Show Cause Order. Mr. Whitehead stated that he "believes that incriminating evidence will be forthcoming from some of the witnesses called to testify" and argued that he "has a First Amendment Right to examine the alleged materials in question, since the court is seeking data to impose an injunction against him." *See* Show Cause Response at 1-2 (Doc. No. 221). On March 6, 2009, Judge Cacheris entered an Order imposing a pre-filing inquiry on Mr. Whitehead. *See* Order (Doc. No. 234). That Order required that Mr. Whitehead file a complaint with a "Motion pursuant to Court Order Seeking Leave to File" before a Magistrate Judge of this Court that states in the motion that the action is a) not frivolous; b) in good faith; and c) not disposed of by this Court in any previous action. *Id.* However, that Order was vacated by Judge Cacheris at the time he recused himself from this case. *See* Order (Doc. No. 369).

Mr. Whitehead is subject to pre-filing injunctions in other courts including the United States District Courts for the District of Maryland and District of Columbia and the District of Columbia Superior Court. *See Whitehead v. Viacom*, 233 F. Supp. 2d 715 (D. Md. 2002); *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3 (D.D.C. 2001); *Whitehead v. Wickham*, No. 05-CA-3346, 2005 WL 2874975 (D.C. Super. Sept. 6, 2005). In the District of Maryland, Mr. Whitehead is enjoined from filing additional motions and papers with the court

without the court's prior approval. *Viacom*, 233 F. Supp. 2d at 726. In the District of Columbia District Court, Mr. Whitehead is enjoined from filing anything further in that matter or any of the other cases already dismissed by Judge Friedman without leave to file. *Paramount Pictures Corp.*, 145 F. Supp. 2d at 5-6. Finally, in the Superior Court of the District of Columbia, Mr. Whitehead is enjoined from filing any motions in that matter or any new lawsuits in the Superior Court without first obtaining leave of court. *Wickham*, 2005 WL 2874975, at *1. Prior to Judge Cacheris' pre-filing inquiry Order, Mr. Whitehead had not been subject to any limitations in this Court. However, in 1994, Mr. Whitehead was cautioned that "he should file no additional motions without first carefully considering the ramifications of Rule 11" and explaining that "[t]his Court will not hesitate to order Rule 11 sanctions against Plaintiff should he continue to file frivolous motions." *See* Order, *Whitehead v. Woolsey*, 1:93-cv-1547 (Doc. No. 11).

## II. LEGAL STANDARD

Courts have the constitutional obligation and the inherent power to protect against conduct that impairs the court's ability to conduct their functions. *Tucker v. Seiber*, 17 F.3d 1434, 1994 WL 66037 at *1 (4th Cir.1994) ("A federal court has the power to issue prefiling injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty.") (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir.1986); *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir.1977)); *Wickham*, 2005 WL 2874975, at *2; *see also* Fed. R. Civ. P. 11(b)(2) (Rule 11 provides for sanctions against a party that files frivolous lawsuits lacking cognizable "legal contentions" and the sanctions may be imposed through "directives of a nonmonetary nature"). Where "vexatious conduct hinders the court from fulfilling its constitutional duty," courts have enjoined individuals from filing without court approval or placed other severe limits on the ability to file new cases. *Tucker*, 17 F.3d 1434; *see also, e.g., In re Sindram*, 498 U.S. 177

(1991) (directing the Clerk not to accept any further petitions for extraordinary writs unless petitioner pays the docketing fee and submits a certificate of compliance with Rule 33); *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (requiring litigants to file with all new pleadings an affidavit certifying the claims are novel); *Abdullah v. Gatto*, 773 F.2d 487 (2d Cir. 1985) (banning all in forma pauperis filings by a litigant); *see also* 28 U.S.C. § 1651(a) (a federal judge may take action against a litigant who unduly imposes on the ability of the Court to carry out its Article III functions).

The injunction must not, however, effectively deny access to the courts, and the district court must give the litigant notice and an opportunity to be heard prior to granting the injunction. *Tucker*, 17 F.3d 1434 (citations omitted). The factors to be considered in evaluating whether to issue a pre-filing injunction are: (1) the litigant's history of vexatious litigation; (2) whether the litigant has an objective good faith belief in the merit of the action; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense or unnecessary burdens on the opposing party and/or the court; and (5) the adequacy of other sanctions. *Id.* (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986), *cert. denied*, 479 U.S. 1099 (1987)). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24.

### III. ANALYSIS

Applying the above factors, the Court finds that a pre-filing injunction is appropriate in this case. As the United States District Court for the District of Maryland concluded, "Plaintiff is clearly a vexatious litigant." *See Viacom*, 233 F. Supp. 2d at 726. He is subject to pre-filing injunctions in the United States District Courts for the District of Maryland and the District of

Columbia and in the District of Columbia Superior Court. *See id.*; *Paramount Pictures Corp.*, 145 F. Supp. 2d at 5-6; *Wickham*, 2005 WL 2874975, at *1. In this case alone, Plaintiff has filed almost one hundred motions or other requests for relief, the majority of which are duplicative of relief previously denied by this court or other courts. Indeed, many of Plaintiff's motions are irrelevant to the pending litigation. For example, in one motion, Plaintiff requested a stay of the proceedings pending the government's release of a memorandum that Plaintiff claims was written by Chief Justice John G. Roberts while he was at the Solicitor General's Office in which Plaintiff claims Chief Justice Roberts "call[ed] the plaintiff a name on several occasions. *See* Motion to Stay Proceedings, Pending Release of Memorandum (Doc. No. 33). In three other motions, Plaintiff sought a temporary restraining order or other injunctive relief enjoining the "Wall Street bailout matter" or, in the alternative, "strik[ing] any congressional or executive signing of the bill." *See* Am. Mot. for Injunctive Relief (Doc. No. 18). The nature and content of Plaintiff's filings demonstrate that he cannot have an *objective* good faith belief in the merit of the action.

Plaintiff's numerous lawsuits and motions burden not only the courts, but the defendants named in the filings. As Judge Friedman stated, "Mr. Whitehead has no regard for our judicial system or the drain on its resources caused by his actions." *Paramount Pictures Corp.*, 145 F. Supp. 2d at 5. Indeed, three of the Defendants filed memorandums in support of the Court's Order to Show Cause. *See* Mem. in Supp. of Order to Pl. to Show Cause (Doc. No. 402); Mem. in Supp. of the Court's Order to Show Cause (Doc. No. 403).

Finally, it is apparent that the imposition of other sanctions, such as monetary sanctions, will not provide adequate relief. Other courts including the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit

imposed sanctions on Plaintiff or awarded attorney's fees to defendants without substantial deterrent effect. Other courts imposing pre-filing limitations on Mr. Whitehead have concluded that "[c]onsidering plaintiff's history with the courts . . . there is no reason to believe any other form of sanctions will cease plaintiff's filing of motions in this case or the initiation of new cases." *Wickham*, 2005 WL 2874975, at *4. This Court therefore concludes that a pre-filing injunction appears to be the only means to adequately protect this Court's ability to function.

## IV. CONCLUSION

Accordingly, for the reasons stated above and for the reasons stated in open court on May 22, 2009, Plaintiff is hereby enjoined from filing any new civil actions in the Eastern District of Virginia and from filing any new motions, papers or requests for relief in any civil actions currently pending in the Eastern District of Virginia without seeking and obtaining court approval as set forth in this Court's Order dated May 22, 2009.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 26, 2009