IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DAVID L. WHITEHEAD,                    )
                                       )
               Plaintiff,              )
                                       )
        v.                             )        No. 1:08cv792 (AJT/TRJ)
                                       )
PARAMOUNT PICTURES CORP., *et al.*,    )
                                       )
               Defendants.             )
_____)

## MEMORANDUM OPINION

This matter is before the Court on four motions to dismiss filed by various defendants in this action and one motion to quash service: (1) the Rule 12(b)(6) Motion to Dismiss of Parties Denominated by Plaintiff as "Turner Broadcasting Station," "Vogue," and "Vogue Italy;" (2) Defendants Warner Bros. Entertainment, Inc. and Time Warner, Inc.'s Motion to Dismiss; (3) Defendant Lionsgate Entertainment, Inc.'s Motion to Quash Service; (4) Defendant Lionsgate Entertainment, Inc.'s Motion to Dismiss; and (5) the Motion to Dismiss of Defendant Sued as "Walt Disney/ABC, Inc." For the reasons stated below, the Court will grant the four pending motions to dismiss, deny as moot Lionsgate Entertainment, Inc.'s Motion to Quash Service, and dismiss the Complaint in its entirety under 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. BACKGROUND

Plaintiff filed a complaint in this action on July 29, 2008. Thereafter Plaintiff filed an amended complaint on November 6, 2008, and a second amended complaint, in response to the

Court's January 2, 2009 Order, on January 21, 2009.[1] The Court's January 2, 2009 Order ordered Plaintiff "to file a Second Amended Complaint within 20 days of the date of entry of this order restating (a) every claim that he brings against each of the defendants in this matter, (b) the date, time, and place of each alleged injury, and, (c) the names and addresses for service of each defendant." Plaintiff's second amended complaint is referred to throughout this Memorandum Opinion as the "Complaint."

The Complaint names thirty-one entities as defendants: (1) Paramount Pictures, Inc., (2) Dreamwork Pictures, Inc., (3) MTV of Viacom, Inc., (4) Viacom, Inc., (5) MGM, Inc., (6) Sony, Inc., (7) IMG Models, Inc., (8) IMG World, Inc., (9), Electronic Arts Sports, Inc., (10) Vogue, (11) Vogue Italy, (12) Conde Nast Publishing, Inc., (13) Midway Games, Inc., (14) NBC, (15) Universal Pictures, Inc., (16) Lionsgate Entertainment, Inc., (17) Tyler Perry, Inc., (18) Runway Beauty Magazine, (19) Time Warner, (20) Warner Brothers, Inc., (21) Turner Broadcasting Station, (22) Time Warner Cable, (23) Southeastern University, (24) Corcoran College of Arts & Design, (25) International Art Fair Art Basel, (26) Strayer University, (27) Grand Hyatt Hotel Washington, (28) Alpha Kappa Alpha Sorority, Inc., (29) 20th Century Fox Film, Inc., (30) Walt Disney, and (31) ABC, Inc (collectively the "Defendants").

The Complaint appears to allege the following causes of action against all of the Defendants: (1) race discrimination, (2) employment discrimination, (3) retaliation, (4) free speech discrimination or retaliation, (5) defamation, (6) breach of contract, (7) breach of trust, (8) breach of confidence, (9) antitrust violations, (10) unfair competition, (11) copyright violations, (12) conspiracy, (13) civil violations of the Racketeering Influenced and Corrupt

---

[1] On January 22, 2009, Plaintiff filed a Corrected Second Amended Complaint. It appears that Defendants were served with the Corrected Second Amended Complaint. Therefore, the Court will analyze the pending motions to dismiss on the basis of Plaintiff's Corrected Second Amended Complaint (Doc. Nos. 131, 132).

Organizations Act, (14) violations of privacy, (15) misappropriation of intellectual property, and (16) bad-faith dealing.[2]

These claims seem to stem from Plaintiff's vast, and at times incomprehensible, allegations that all of the media and entertainment companies he sued stole his ideas for movie plots, popular songs, magazine layouts and even events surrounding the inauguration of President Barack Obama. Plaintiff's broad allegations against "[a]ll of the Defendants" are not supported by the factual assertions stated against each of these many Defendants and it is impossible for the Court to determine which of Plaintiff's sixteen claims is supported by even a single factual allegation against any of the Defendants.

Plaintiff has yet to effect service on all of the Defendants. None of the Defendants has filed an answer to Plaintiff's complaint. Currently before the Court are four motions to dismiss and a motion to quash filed by various Defendants.

All of these motions were properly filed and include the *Roseboro* notice to *pro se* parties required by Local Civil Rule 7(k). Plaintiff filed an opposition to the Motion to Dismiss the Parties Denominated as "Turner Broadcasting Station," "Vogue," and "Vogue Italy." He did not file memoranda specifically opposing the remaining four motions. It appears from certain of the other documents that Plaintiff has filed that he does oppose those motions.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and does not resolve contests surrounding the facts or merits of a claim. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1993). A claim should be dismissed "if, after accepting all well-pleaded allegations in the

---

[2] These numbers do not correspond to the numbers in the Complaint.

plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *see also Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001). In considering a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*; *see also Bd. of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 475 (E.D. Va. 2007). In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Nevertheless, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face"); *see also Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Khozam v. LSAA, Inc.*, Civil No. 3:06cv298, 2007 WL 2932817 at *3 (W.D.N.C. Oct. 5, 2007). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, a plaintiff should be allowed to particularize them. *Treadwell v. Murphy*, 878 F. Supp. 49, 51-52 (E.D. Va. 1995) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985)); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

## III. ANALYSIS

The five motions pending ask the Court to dismiss certain Defendants from this action or to dismiss this action in its entirety. Defendants argue that dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6). All of the moving Defendants note that the named Defendants are not legal entities and do not exist. Having received the Complaint, however, the parties that appear before the Court do so on the presumption that Plaintiff intended to sue them but incorrectly named them.

This fact, together with the sheer number and content of motions filed thus far in this litigation and other litigation initiated by Plaintiff, provides evidence supporting Defendants' assertion that Plaintiff "is a career vexatious litigant with a long and infamous history of filing frivolous lawsuits in an attempt to extract nuisance settlements," including from many of the same defendants that he has named in this case. *See* Warner Bros.' Mem. in Supp. at 3 (citing *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3 (D.D.C. 2001)).[3] Among the motions filed by Plaintiff in this case is a request to stay the proceedings pending the government's release of a memorandum that Plaintiff claims was written by Chief Justice John G. Roberts while he was at the Solicitor General's Office in which Plaintiff claims Chief Justice Roberts "call[ed] the plaintiff a name on several occasions. *See* Motion to Stay Proceedings,

---

[3] As aptly noted by the District Court for the District of Columbia, writing to dismiss another lawsuit filed by Plaintiff: "Lest it be inferred . . . that Mr. Whitehead is but an unsophisticated naïf tilting at windmills, one need only look at his own stated intent for bringing many of these cases to know that Mr. Whitehead has no regard for our judicial system or the drain on its resources caused by his actions." *Whitehead v. Paramount Pictures*, 145 F. Supp. 2d 3, 5 (D.D.C. 2001) (noting that Mr. Whitehead's self-proclaimed purpose for bringing multiple copyright lawsuits was to extract nuisance settlements and that he intended to continue his barrage of motions, forcing the defendants to incur substantial legal fees to respond, until litigating the case became so expensive that they would pay Mr. Whitehead to go away).

Pending Release of Memorandum (Doc. No. 33). In other motions, Plaintiff sought a temporary restraining order or other injunctive relief enjoining the "Wall Street bailout matter" or, in the alternative, "strik[ing] any congressional or executive signing of the bill," *see* Am. Mot. for Injunctive Relief (Doc. No. 18), and a "stay of the Presidential Inaugural Day . . . and Senate confirmation hearings of Senator Hillary R. Clinton and Attorney Eric Holder," *see* Mot. for Temp. Restraining Order and Injunctive Relief (Doc. No. 122). Plaintiff has also filed repeated and imaginative motions for the recusal of the magistrate and district judges assigned to his cases. In total, Mr. Whitehead has filed over one hundred motions or other requests for relief in this case.

It must also be noted that, before Defendants filed the motions under consideration here, the Court placed a pre-filing inquiry on Mr. Whitehead based on his repeated filing of frivolous lawsuits that interfered with the efficient functioning of this Court.[4] This Court joins the United States District Courts for Maryland and the District of Columbia and the Superior Court for the District of Columbia in instituting such a requirement. Until Plaintiff can satisfy the requirements of the pre-filing inquiry, he may not file another lawsuit in the district court for the Eastern District of Virginia. Plaintiff must also seek and obtain leave to file any new motions, papers or requests for relief in any civil actions currently pending in the Eastern District of Virginia, including this case.

---

[4] The Order requiring a pre-filing inquiry issued by Judge Cacheris was vacated at the time that this action was transferred to the undersigned. After a careful review of the record in this case and other actions initiated by Plaintiff and Plaintiff's response to the Order to Show Cause as to why he should not be put under a pre-filing inquiry, the Court determined that a pre-filing inquiry is appropriate and issued a separate Order to that effect on May 22, 2009. A Memorandum Opinion was issued in further support of the Court's May 22, 2009 Order on May 26, 2009.

## A.    28 U.S.C. § 1915(e)(2)(B)

28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss a suit filed *in forma pauperis* for lack of subject matter jurisdiction or for failure to state a claim if at any time the court determines that the action is "frivolous or malicious," *id.* at § 1915(e)(2)(B)(i), or that the complaint "fails to state a claim on which relief may be granted," *id.* at § 1915(e)(2)(B)(ii). The purpose of this Section is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

In *Neitzke*, the Supreme Court described a "meritless legal theory" as "claims of infringement of a legal interest which clearly does not exist." *Id.* It defined "clearly baseless" factual allegations as those "describing fantastic or delusional scenarios," correctly noting that these types of claims are ones "with which federal district judges are all too familiar." *Id.* at 328.

Defendants contend that Plaintiff's claims are based on meritless legal theories and the underlying factual contentions are clearly baseless.

### 1.    Meritless Legal Theory

As detailed above, Plaintiff mentions at least sixteen causes of action in the Complaint. The allegations in that document, however, advance only meritless legal theories. For example, Plaintiff alleges retaliation by "[a]ll defendants," but does not allege an employment relationship with any of them. Compl. at 22. He also alleges that "Defendants named in this case breached

7

contract [sic] with the plaintiff," but nowhere in the Complaint did he allege the existence of any contract between him and any of the Defendants. The Court finds these legal theories meritless, and they therefore must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). However, the Court will not evaluate whether each of Plaintiff's legal theories is meritless as it is abundantly apparent that the entire Complaint must be dismissed as the claims are based on factual contentions that are clearly baseless.

2.    Clearly Baseless Factual Allegations

The Court finds that the facts alleged in the Complaint are both fantastic and delusional. For example, one of Plaintiff's allegations involves what he calls a "broad base conspiracy" to steal unidentified "intellectual properties." Compl. at 3. To this end, he alleges merely that all of the defendants in this action "are inter-connected holding business contracts for joint business purposes." *Id.* at 6.

The majority of his other allegations involve successful movies. For example, Plaintiff alleges that the film "Quantum of Solace," involving the character James Bond, infringed Plaintiff's un-specified copyrights because "Plaintiff created a character named Mrs. James Bond, who revenges her husband's death [and,] in Quantum of Solace, James Bond revenges his lover's death." *Id.* at 13.

Plaintiff also claims that an unidentified defendant infringed on his "robbery scene" to create the film *"Inside Man"* because "defendants use [sic] a verbatim line," "This ain't no robbery," taken from Plaintiff's line "This ain't no robbery, this is politics!" *Id.* at 10. Plaintiff also asserts that the film "The Dark Knight" infringes on his work "Batman Blackman" because both use the Joker character for a hostage plot and because the titles are similar ("Dark" versus "Black"). *Id.* at 14. Finally, he states that "[t]he Academy Awards recently pulled "The Dark

Knight" based on this infringement for possible nomination for Best Picture." *Id.* He also

believes that "the Academy did the same with 'Dreamgirls' once the Academy learned that

Dreamgirls was an infringed version of the plaintiff's Aretha Franklin materials." *Id.*

In another allegation, Plaintiff states that an issue of Vogue Italy, entitled "A Black

Issue" and portraying all black models in its pages, infringed on his copyrights because it "was

based on Plaintiff's Black Beauty booklet, depicting all black supermodels for Victoria Secrets

[sic]." *Id.* at 10. He further states that Vogue sold "A Black Issue" in "a limited edition from

abroad, attempting to conceal the theft from the plaintiff." *Id.* Plaintiff's allegations are clearly

fanciful and delusional on their face.

The facts and legal claims set forth in the Complaint are virtually identical to those made

by Plaintiff in cases that have been repeatedly dismissed by other courts, including the courts of

this district. They are frivolous and, in keeping with Plaintiff's typical *modus operandi*, appear

to be made for the purpose of harassing the defendants into entering into a nuisance settlement.

*See, e.g., Whitehead v. Wickham,* No. 15207-04, Mem. Order. at 48 n.177 (D.C. Super. Ct. Mar.

31, 2005) ("It is evident to this Court that Whitehead is either, at best, a dealer in 'litigation

futures,' or at worst a 'litigation extortionist.' Neither approach should be tolerated under the

Rules of Civil Procedure.").

The Court finds that this action is frivolous and malicious, and that it fails to state a claim

on which relief may be granted. Accordingly, Plaintiff's Complaint, filed *in forma pauperis,*

must be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. §

1915(e)(2)(B)(ii).[5]

---

[5] Although a number of Defendants have not yet been served or filed responsive pleadings, the
Court's determination that the Complaint must be dismissed pursuant to 28 U.S.C. §

## B.     Federal Rule of Civil Procedure 12(b)(1)

Various Defendants also contend that this Court lacks subject matter jurisdiction over

Plaintiff's claims because they are "so attenuated and unsubstantial as to be absolutely devoid of

merit." *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (citations omitted); *see also Bell v.

Hood*, 327 U.S. 678, 682-283 (1946) (same).  A court may dismiss a complaint that is wholly

insubstantial for lack of subject matter jurisdiction under Rule 12(b)(1).  *Neitzke*, 490 U.S. at 327

(citing *Hagans*, 415 U.S. at 536-537).

For the reasons explained above, the Court finds that Plaintiff's Complaint is devoid of

cognizable claims and realistic factual allegations.  As such, it has no merit and the Court lacks

subject matter jurisdiction.  Thus, the Court must also dismiss this case in its entirety under

Federal Rule of Civil Procedure 12(b)(1).

## C.     Federal Rule of Civil Procedure 12(b)(6)

Setting aside this Court's lack of subject matter jurisdiction to consider the merits of

Plaintiff's claims, the Complaint must also be dismissed in its entirety for failure to state a claim

under Rule 12(b)(6).

Under Rule 8, a complaint must allege facts with sufficient specificity to inform

defendants what they are accused of so that they can answer or respond to the allegations.  *See*

Fed. R. Civ. P. 8; *see also, e.g., Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 347-48 (4th Cir.

2005) (a complaint must "sufficiently allege[] each element of the cause of action so as to inform

the opposing party of the claim and its general basis").  Nothing in Plaintiff's Complaint

provides Defendants with adequate notice of the allegations against them.  The Complaint simply

states that "Defendants named in this case discriminated against plaintiff due to his race,"

---

1915(e)(2)(B) applies to the entirety of this action.  28 U.S.C. § 1915(e)(2)(B) (the court may
invoke § 1915 *sua sponte* and "dismiss the case at any time").

Compl. at 21, "[a]ll Defendants named in this complaint retaliated against plaintiff due to his race," *id.* at 22, "Defendant [sic] named in this case breached contract [sic] with the plaintiff because of his race (black) by using his intellectual properties for profit without his permission," *id.*, "all of the named defendants engaged in Unfair Trade Policies and Anti-Trust Violations based on the plaintiff's race (black) and conspiracy," *id.* at 23, and "all named defendants conspired to steal and stole plaintiff's intellectual properties for profit," *id.* Such allegations are not sufficient to meet Rule 8's notice pleading requirements.[6] Moreover, Plaintiff's Complaint merely consists of conclusory statements with no factual support. Plaintiff fails to plead the elements of any of his causes of action and instead merely submits "labels and conclusions." These do not even rise to the level of "a formulaic recitation of the elements" of his causes of action, which would still be insufficient to state a claim under *Bell Atlantic. Bell Atlantic*, 550 U.S. at 555 (a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").[7]

While the failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolousness standard of § 1915(d) serve "distinctive goals" and are not identical in application, their "overlap" is still "considerable." *Neitzke*, 490 U.S. at 326. This case fits squarely within that area of overlap as Plaintiff has both failed to state a claim under Rule 12(b)(6) and asserted meritless legal claims and factual allegations that must be dismissed pursuant to § 1915(d).

---

[6] Although the Court only specifically references five of Plaintiff's claims, the remaining claims offer no greater specificity or detail. They serve only to provide further evidence of Plaintiff's complete disregard for the requirements of the Federal Rules of Civil Procedure and his disinterest in bringing real, cognizable claims before this Court for adjudication.

[7] Plaintiff has been afforded more than one opportunity to amend his Complaint in this case. Most recently, the Court's January 2, 2009 Order specifically directed Plaintiff that his Second Amended Complaint must state "(a) every claim that he brings against each of the defendants in this matter, (b) the date, time, and place of each alleged injury, and, (c) the names and addresses for service of each defendant."

11

Because the Court will dismiss this action in its entirety, it need not address the remaining arguments raised by Defendants regarding, among others, insufficient service of process, lack of personal jurisdiction, and lack of venue.[8]

## IV. Conclusion

For reasons stated above, the Court will grant the Rule 12(b)(6) Motion to Dismiss of Parties Denominated by Plaintiff as "Turner Broadcasting Station," "Vogue," and "Vogue Italy;" grant Warner Bros. Entertainment, Inc. and Time Warner, Inc.'s Motion to Dismiss; grant Lionsgate Entertainment, Inc.'s Motion to Dismiss; grant the Motion to Dismiss of Defendant Sued as "Walt Disney/ABC, Inc.; deny as moot Lionsgate Entertainment, Inc.'s Motion to Quash Service; and dismiss the Complaint in its entirety under 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

An appropriate Order will issue.

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 28, 2009

---

[8] The Court also notes that there are a number of pending motions or other requests for relief that have been filed by Plaintiff in this action and that have not yet been ruled on by this Court. The Court reviewed Plaintiff's filings prior to ruling on the motions to dismiss and motion to quash and finds that none of Plaintiff's pending requests for relief alters the Court's decision to dismiss this action in its entirety.